**Mohammad Monir HOSSAIN,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 04–76750.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2008.*

Filed Nov. 21, 2008.

Reynold E. Finnegan, Esq., Finnegan & Diba A Law Corporation, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esquire, Office Of The District Counsel Department Of Homeland Security, Los Angeles, CA, Richard M. Evans, Esquire, Assistant Director, DOJ–U.S. Department Of Justice, Washington, DC, Ronald E. Lefevre, Office Of The District Counsel Department Of Homeland Security, San Francisco, CA, Robin M. Meriweather, Heather R. Phillips, Esquire, Esquire, Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before: WALLACE, LEAVY, and THOMAS, Circuit Judges.

## MEMORANDUM **

Mohammad Monir Hossain, a native and citizen of Bangledesh, petitions for review of the Board of Immigration Appeals' summary affirmance of the immigration judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *See Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition.

Hossain's testimony regarding his arrest at Cantonment College was both internally inconsistent, and inconsistent with his supporting documents. Substantial evidence supports the IJ's adverse credibility finding based on this inconsistency because this event goes to the heart of his asylum claim. *See id.* at 1043. Substantial evidence also supports the IJ's finding that Hossain's testimony was inconsistent about when he went into hiding. *Id.* Accordingly, Hossain is not eligible for asylum.

Because Hossain failed to demonstrate eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, Hossain's CAT claim also fails because it is based on the same facts that the IJ determined to be not credible and Hossain points to no other evidence that should have been considered in determining his CAT claim. *See id.* at 1157.

## PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

